# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DIETRA C. CHAMBERS, | ) | Case No. 09-21095 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Manuel Barbosa |
| | ) | |
| _____ | ) | |
| ROY SAFANDA, | ) | |
| Trustee in Bankruptcy | ) | Adversary No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIETRA C. CHAMBERS, | ) | |
| CHARLES CHAMBERS, | ) | |
| | ) | |
| Defendants. | ) | |

### ADVERSARY COMPLAINT TO AUTHORIZE TRUSTEE
### TO SELL JOINTLY OWNED REAL ESTATE

**NOW COMES** Roy Safanda, the duly appointed Trustee ("Trustee") of the bankruptcy estate of Dietra C. Chambers (the "Debtor") and for his Complaint to Authorize Sale of Jointly Owned Real Estate states as follows:

### PARTIES

1. On June 10, 2009, Debtor filed this case under Chapter 7.

2. Roy Safanda was appointed Trustee in this case and remains in that capacity.

3. Defendant Charles Chambers is the former husband of Debtor and a joint owner of the real estate in question.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This adversary proceeding is brought pursuant to Section 363(b)(f) and (h) of the Bankruptcy Code and pursuant to Federal Rules of Bankruptcy Procedure 7001 and 7003.

## THE REAL ESTATE

8. The subject real estate is the singe-family residence at 1818 West Illinois Ave., Aurora, Illinois 60506.

9. The residence is occupied by Debtor's former husband, Defendant Charles Chambers.

## NECESSITY OF SALE

Trustee desires to sell the estate's interest in the real estate and the interest of the co-owner because:

1. Partition in kind of such property among the estate and such co-owner is impracticable;

2. Sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owner;

2

3.       The benefit to the estate of a sale of such property free of the interests of co-owner outweighs the detriment, if any, to such co-owner; and

4.       Such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, the Trustee, Roy Safanda, respectfully requests the entry of an Order:

1.       Authorizing the Trustee to sell the residence herein described; and

2.       Granting such other and further relief as this Court deems just.

                                  Respectfully submitted,
                                  Roy Safanda, Bankruptcy Trustee,
                                  Plaintiff

                                  By: /s/ Roy Safanda
                                       One of his attorneys

Roy Safanda
Safanda Law Firm
111 East Side Drive
Geneva, IL  60134
(630) 262-1761