UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                    )    Chapter 11
   Gregory E. Perkins and            )    Case No: 08 B 21919
   Laura M. Perkins,                 )
                                          )    Honorable Bruce W. Black
   Debtor,                           )
                                          )
_____)

**Findings of Fact and Conclusions of Law in Support of Order Awarding to
Forrest L. Ingram, P.C. Attorneys for Debtor, for Allowance and Payment of Interim
Compensation and Reimbursement of Expenses.**

| | | | |
|---|---|---|---|
| Total Fees Requested: | $ 44,557.50 | Total Costs Requested: | $ 1,134.68 |
| Fees Disallowed: | 2,244.00 | Costs Disallowed: | 0.00 |
| Total Fees Allowed: | $ 42,313.50 | Total Costs Allowed: | $ 1,134.68 |

Total Fees and Costs Allowed:    $ 43,448.18

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT
HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)    Improper Allocation of Profession Resources**
     The Court denies the allowance in part of compensation for the following task because a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."; *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner):

Attorney billing for clerical services
(i.e. sending faxes, preparation of mailings, scan documents, etc.)          $ 1,139.50

Correction of filing mistakes                                                $   220.00

### (2)  Overhead Costs are Non-Compensable

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

| | |
|---|---|
| Direction of subordinates | $  602.00 |
| Communications with court personnel | $  138.50 |

### (3)  Computational or Typographical Error

The court denies the allowance of compensation for the following tasks because the amount of fees appears to be a computational or typographical error. Also, where there are two identical entries (same day, same tasks, same time billed), the court will consider one of the entries to be a typographical error.

| | |
|---|---|
| Two attorney appearance charges for one hearing | $  144.00 |

**Forrest L. Ingram, P.C.** is hereby awarded an allowance of interim compensation and expenses as set forth above, and is authorized to apply the pre-petition fee retainer of $10,000.00 to these interim fees and costs.

Dated: 3-11-2009           Entered:

                           Bruce W. Black
                           United States Bankruptcy Court